# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

(full name) (Register No).
Russell Draper #520149

Plaintiff(s).

v.

Missouri Department of Corrections;
(Full name)
Anne L. Precythe, Director M.DOC.

Defendant(s).

Case No. _____

Defendants are sued in their (check one):
 X Individual Capacity
 X Official Capacity
 X Both

## COMPLAINT UNDER THE CIVIL RIGHTS ACT OF 42 U.S.C. § 1983

I. Place of present confinement of plaintiff(s): WESTERN Reception Diagnostic Correctional Center 3401 Faraon St. St. Joseph, Mo. 64506

II. Parties to this civil action:
Please give your commitment name and any another name(s) you have used while incarcerated.

A. Plaintiff Russell Draper  Register No. 520149
Address 3401 Faraon St. St. Joseph, Mo. 64506

B. Defendant Anne L. Precythe

Is employed as Director of The Missouri Department of Corrections.

For additional plaintiffs or defendants, provide above information in same format on a separate page. SEE ATTACHED PAGES

1

III. Do your claims involve medical treatment? Yes _X_ No ___

IV. Do you request a jury trial? Yes _X_ No ___

V. Do you request money damages? Yes _X_ No ___

State the amount claimed? $ See Attached Pages ___/___ (actual/punitive)

VI. Are the wrongs alleged in your complaint continuing to occur? Yes _X_ No ___

VII. Grievance procedures:

A. Does your institution have an administrative or grievance procedure? Yes _X_ No ___

B. Have the claims in this case been presented through an administrative or grievance procedure within the institution? Yes _X_ No ___

C. If a grievance was filed, state the date your claims were presented, how they were presented, and the result of that procedure. (Attach a copy of the final result.)
See Attached Pages - SEE ATTACHED PAGES

D. If you have not filed a grievance, state the reasons.
N/A

VIII. Previous civil actions:

A. Have you begun other cases in state or federal courts dealing with the same facts involved in this case? Yes ___ No _X_

B. Have you begun other cases in state or federal courts relating to the conditions of or treatment while incarcerated? Yes ___ No _X_

C. If your answer is "Yes," to either of the above questions, provide the following information for each case.

(1) Style: ___N/A___
(Plaintiff)        (Defendant)

(2) Date filed: _____

2

(3) Court where filed: __N/A__

(4) Case Number and citation: _____

(5) Basic claim made: _____

(6) Date of disposition: _____

(7) Disposition: _____
         (Pending) (on appeal) (resolved)
(8) If resolved, state whether for: _____
                        (Plaintiff or Defendant)

For additional cases, provide the above information in the same format on a separate page.

IX.  Statement of claim:

A.   State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

__SEE ATTACH PAGES__

B.   State briefly your legal theory or cite appropriate authority:
__SEE ATTACHED PAGES__

3

Case 5:19-cv-06116-FJG   Document 1   Filed 09/09/19   Page 3 of 9

X.  Relief: State briefly exactly what you want the court to do for you. Make no legal arguments.
    See Attached Pages

XI. Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name. NONE

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?     Yes X  No ___

   If your answer is "Yes," state the names(s) and address(es) of each lawyer contacted.
   Browns Law Firm Kansas City, MO.; Amy Brieham Kansas City Mo.;
   Reabey Law Firm Kansas City, mo.; MacArthur Justice Center;
   Redfearn Law Firm Kansas City, Mo.

C. Have you previously had a lawyer representing you in a civil action in this court?
                                                            Yes ___    No X

   If your answer is "Yes," state the name and address of the lawyer.
   N/A

I declare under penalty of perjury that the foregoing is true and correct.

Executed (signed) this 9th day of September 2019.

*Russell Draper*
Signature(s) of Plaintiff(s)

IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT
OF MISSOURI

RUSSELL DRAPER,
    PLAINTIFF,

v.

MISSOURI DEPARTMENT OF CORRECTIONS; CORIZON LLC;
ANNE PRECYTHE; T.K. BREDEMAN; JOHN MATTHEWS; TODD RICHARDS;
C. INZERILLO; FREDERICK CAVILLO; BRENDA SHIRA; AGUSTA AMADI;
S. MOELLER; MACHELLE WALLACE; LACINDA TAUBE; MARTHA DAILY;
J. Cofield, DEFENDANTS.

## STATEMENT OF CLAIM

Petitioner, Russell Draper, states the following persuant to 28 USC section 1746, under penalty of perjury:

1. I was diagnosed as having the hepatitis C virus ("HCV") in 1994, while committed to MDOC, where I contracted the HCV.

2. In 2008, my symptoms from the HCV worsened. I had chronic muscel fatigue, bowel and digestion complications, painful urination, and others. I was seen by Dr. John Matthews for these issues.

3. Matthews denied me the available standard treatments, at the time, for HCV, of interferon and ribaviron, and assigned me to the chronic care cline ("ccc"), to monitor my HCV only.

4. I filed complaint WMCC-15-438, about Matthews, Agusta Amadi, medical staff, and MDOC denying me treatment for my HCV (ref. Exh. 1-2). Because of

-1-

MDOC and Corizon LLC's custom of not treating all persons with HCV based on "priority levels," I continued to suffer.

5. I exhausted complaint WMCC-15-438, and was denied treatment for my HCV by Brenda Shira; C. Inzerillo; T.K. Bredeman; S. Moller, who all responded to and processed this grievance, and denied me treatment, after having direct knowledge of my HCV, and the pain and suffering I was in. Because of the custom promulgated by MDOC and Corizon LLC, Even after the new standard treatment of direct-acting antiviral drugs ("DDA") became available. (ref. Exh 1-2)

6. In 2016, my HCV symptoms of muscel fatigue, bowel and digestive complications, painful urination continued, worsened. I was denied treatment for my HCV due to the custom of MDOC and Corizon LLC, by Dr. Todd Richards.

7. I filed complaint WMCC-16-681, in regards to being denied treatment for my HCV. (ref. Exh. 3-5). I exhausted WMCC-16-681, and was denied treatment for my HCV by Martha Daily; Shira; Denise Paden; Richards; Bredeman; and Moeller, after having direct knowledge of my HCV, and the pain and suffering I was in, through reviewing my medical records to to process and respond to complaint WMCC-16-681. (ref. Exh. 3-5)

8. On March. 2016, I was transferred to WRDCC. I was assigned to the CCC there, and NP Alice Bergman was my CCC provider. I explained to Bergman that my symptoms were worsening, and that now I had started passing blood in my urine.

-2-

9. Bergman informed me that the head physician of WRDCC, Frederick Cavillo, said although I have HCV, I do not meet the "priority level" for treatment of my HCV, and denied me DAA or any treatment due to the custom by MDOC and Corizon LLC.

10. I filed complaint WRDCC-18-543 in regards to being denied treatment for my HCV (ref. Exh. 6A). I exhausted WRDCC-18-543, and was denied treatment for my HCV by Lacinda Taube, Machelle Wallace, Cavillo, Bredeman, and J. Cofield, after having direct knowledge of my HCV, and the pain and suffering I am in, through reviewing my medical records to process and respond to complaint WRDCC-18-681 (ref. Exh. 6B).

11. MDOC, Corizon LLC, and all named defendants are still denying me DDA treatment for my HCV. I contacted the MacArthur Justice Center, in regards to representation, for MDOC and Corizon LLC denying me treatment. I was informed that there is currently a class action lawsuit, case no. 16-CV-4219, about this matter in regards to injunctive relief only. They informed me for damages I had to file this complaint on my own (ref. Exh. 9).

## COUNT I. REHABILITATION ACT

12. I repeat and incorporate paragraphs 1-11, as though fully set forth herein.

13. For MDOC and Corizon LLC to enforce a custom that denied DDA treatment of my HCV, based on the "priority level" that they created, and for Precythe, Bredeman, Cofield, Moeller, Matthews, Inzerillo, Richards,

-3-

Cavillo, Amadi, Shira, Wallace, Taube, and Paily to all deny me participation and benefits of receiving health care for my HCV disability, based soley on my disability, is a violation of Federal statute <u>29 USC Section 794</u>, "Rehabilitation Act," ("RA"). Under the RA damages can be recovered from defendants in their official capacity, due to receiving federal assistance.

WHEREFORE, I request the Court grant the following relief:
  (1) Declaration that defendants violated Federal statute <u>29 USC Section 794</u>, by denying plaintiff treatment for his HCV soley based on his HCV, as proved by the record of defendants' own admissions in exhibits provided;
  (2) Injunctive relief ordering defendants to provide plaintiff with DDA treatment for his HCV;
  (3) $20,000.00 each against MDOC, Corizon LLC., Precythe, Bredeman, Matthews, Inzerillo, Richards, Cavillo, Amadi, Shira, Wallace, Daily, Paden, Taube, Moeller, Cofield in their official capacities.

## COUNT II. DELIBERATE INDIFFERENCE

14. I repeat and incorporate paragraphs 1-13 as though full set forth herein.

15. For MDOC, Corizon LLC, and Precythe to enforce a custom to deny me DDA treatment for my HCV, by providing inadequate care and intentionally deny medical treatment with the knowledge that symptoms would worsen.

16. Bredeman, Matthews, Richards, Inzerillo, Cavillo, Amadi, Paden, Shira,

-4-

Taube, Wallace, Daily, Moeller, and Cofield to deny me treatment after reviewing my medical record and having direct knowledge of my HCV, and still deny me DDA treatment is deliberate indifference, and violates the Cruel and Unusual Punishment clause of the Eighth Amendment to the United States Constitution, and has been clearly established in the United States Supreme Court and the Eighth Circuit and defendants claim of "qualified immunity," fail.

WHEREFORE, I request the Court grant the following relief:
(1) Declaration that MDOC, Corizon LLC, Precythe, Bredeman, Matthews, Inzerillo, Richards, Cavillo, Amadi, Paden, Wallace, Shira, Taube, Daily, Moeller, Cofield, committed deliberate indifference, in violation of the Eighth Amendment to the United States, by denying me DDA treatment for my HCV;
(2) $20,000.00 each against above defendants, in their individual and official capacities.

Respectfully submitted this 9th, day of September, 2019, by:

Russell Draper, petitioner pro se

-5-
Case 5:19-cv-06116-FJG   Document 1   Filed 09/09/19   Page 9 of 9